# *LAW OFFICES OF JOSEPH A. DiCROCE, LLC*

Valley Park Professional Center
2517 Highway 35, Building N - Suite 201
Manasquan, NJ 08736
(732) 223-3443
Attorneys for Plaintiffs, James Maillaro and Joanne Maillaro, his wife
*Joseph A. DiCroce (JD9634)*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES MAILLARO and JOANNE MAILLARO, his wife<br><br>Plaintiffs,<br><br>vs.<br><br>NEW YORK PRESBYTERIAN HOSPITAL; MICHAEL KAISER, M.D., JOHN DOE DOCTORS 1-15, JOHN DOE NURSES 1-15, JOHN DOE PARTNERSHIPS 1-15, JOHN DOE INSTITUTIONS 1-15, JOHN DOE, INCORPORATED 1-15, JOHN DOE PROFESSIONAL ASSOCIATIONS 1-15; fictitious and unidentified medical personnel (including doctors, nurses and therapists), corporations, professional associations, partnerships and institutions, individually, jointly, severally and in the alternative,<br><br>Defendants. | **Civil Action No.**<br><br>, **U.S.D.J.**<br><br><br>**COMPLAINT, DEMAND FOR TRIAL BY JURY, TRIAL COUNSEL DESIGNATION AND CERTIFICATION** |

Plaintiffs, JAMES MAILLARO and JOANNE MAILLARO, residing at 809 Valley Road

in the Borough of Watchung, County of Somerset and the State of New Jersey, bring this action by

way of Complaint against defendants and state as follows:

## COUNT ONE

1. At all times material hereto, plaintiff, James Maillaro, was a citizen and resident of the State of New Jersey, residing at 809 Valley Road, Watchung, New Jersey 07069.

2. On or about July 9, 2008, plaintiff, James Maillaro was admitted to defendant, New York Presbyterian Hospital for surgery.

3. At all times material hereto, defendant New York Presbyterian Hospital was and is a professional association, corporation and/or business entity registered and existing under the laws in the State of New York with a hospital located at 630 W 168th Street, New York, NY 10032.

4. At all times material hereto, defendant New York Presbyterian Hospital, acted by and through its actual and ostensible agent, servants, workers and/or employees, including, but not limited to defendants, John Doe Doctors 1-15, John Doe Nurses 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe Incorporated 1-15, John Doe Professional Associations 1-15, then and there acting within the course and scope of their agency, authority, employment and/or duties.

5. At all times hereto, defendants, John Doe Doctors 1-15 were and/or are fictitiously named physicians, surgeons, residents and/or interns, duly licensed to practice medicine under the laws of the State of New York, the identity, addresses and culpable conduct of said physicians being presently unknown, who provided care and/or treatment to the plaintiff, James Maillaro. The plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the physicians represented herein as John Doe Doctors 1-15.

6. At all times material hereto, defendants, John Doe Nurses 1-15, were and/or are fictitiously named registered nurses, certified registered nurses and/or licensed practical nurses

(hereinafter "nurses") duly licensed to practice nursing under the laws of the State of New York, and who were and/or are affiliated with, contractually obligated to and/or employed by defendants, New York Presbyterian Hospital , John Doe Doctors 1-15, John Doe Nurses 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe Incorporated 1-15, John Doe Professional Associations 1-15, the identity, addresses and culpable conduct of said nurses being presently unknown, who provided care and/or treatment to the plaintiff, James Maillaro. The plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the nurses represented herein as John Doe Nurses 1-15.

7. At all times material hereto, defendants John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe Incorporated 1-15, John Doe Professional Associations 1-15, were and/or are fictitiously named partnerships, medical care institutions, professional associations and/or professional corporations (hereinafter "partnerships") providing medical and healthcare services and existing under the laws of the State of New York and who were and/or are affiliated with, employed by and/or contractually obligated to defendants, New York Presbyterian Hospital , John Doe Doctors 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe Incorporated 1-15, John Doe Professional Associations 1-15.

8. At all times material hereto, defendants, John Doe Doctors 1-15 and John Doe Nurses 1-15, acted individually and/or in concert with each other and/or as the employees, agents, servants and/or workers of defendants, New York Presbyterian Hospital, John Doe Doctors 1-15, John Doe Nurses 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe Incorporated 1-15, John Doe Professional Associations 1-15, acting within the scope and course of their employment and/or agency.

9.  At all times material hereto, defendants, New York Presbyterian Hospital, John Doe Doctors 1-15, John Doe Nurses 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe Incorporated 1-15, John Doe Professional Associations 1-15, acted by and through their respective employees, agents, servants and/or workers, including, but not limited to, defendants, New York Presbyterian Hospital John Doe Doctors 1-15 and/or John Doe Nurses 1-15, who were then and there acting within the scope and course of their respective employment and/or agency and in furtherance of said defendants' business and on behalf of said defendants.

Notwithstanding the duties imposed upon the defendants named herein, acting as aforesaid and knowing full and well their respective duties to plaintiff, James Maillaro, the defendants did act individually, jointly, severally and/or in the alternative, in a negligent, reckless and/or careless manner, in *inter alia*:

a.  Failing to properly, carefully, and/or adequately treat the plaintiff, James Maillaro, for the conditions for which treatment was sought and failing to prevent and treat an infection which developed while under defendants' care;

b.  Failing to properly, carefully and/or adequately use and perform on the person James Maillaro, tests, medications, medicines, medical and/or surgical equipment, examinations, medical procedures, surgical procedures, monitoring and/or medical treatment;

c.  Failing to use the required amount of care and/or skill in the performance and administration of tests, medications, medicines, examinations, medical procedures, surgical procedures, monitoring and/or medical treatment;

d.  Failing to timely, properly, continually and/or adequately diagnose the condition

and/or distress of plaintiff, James Maillaro;

e. Improperly diagnosing the condition of plaintiff, James Maillaro;

f. Performing incorrect, unnecessary and/or improper treatment, care and/or procedures upon the person of plaintiff James Maillaro;

g. Improperly reviewing the results of diagnostic testing of the plaintiff, James Maillaro;

h. Improperly and/or inadequately reporting and/or discussing the results of diagnostic testing of the plaintiff, James Maillaro;

i. Failing to promulgate, abide by and/or enforce applicable rules, guidelines and/or regulations under the circumstances;

j. Failing to exercise proper skill, diligence and/or due care and caution under all of the circumstances and/or in light of the respective defendants' specialties and/or areas of expertise;

k. Acting without proper and due regard for the rights and safety of plaintiff, James Maillaro;

l. Failing to properly and/or continuously review and/or monitor the condition of the plaintiff, James Maillaro;

m. Improperly permitting unskilled, incapable and/or untrained doctors, nurses, residents, interns and/or other agents, workers, servants and/or employees to treat and/or provide medical care to the plaintiff James Maillaro;

n. Failing to and/or improperly monitoring the qualifications of all doctors, nurses, residents, interns and/or other agents, workers, servants and/or employees responsible

for treating and/or providing medical care to the plaintiff, James Maillaro;

o.     Failing to timely properly and/or adequately communicate the condition and progress of the plaintiff, James Maillaro to appropriate parties under the circumstances;

p.     Failing to properly, adequately and/or timely monitor the condition and progress of the plaintiff, James Maillaro;

q.     Failing to timely, properly and/or adequately direct, request and/or require the attention, advice, consultation and/or installation of qualified and competent specialists to administer medical care, examination and/or treatment of plaintiff, James Maillaro;

r.     Failing to take, develop and/or obtain a full, complete and/or proper medical history of plaintiff, James Maillaro, under the circumstances;

s.     Failing to conduct proper and/or adequate tests and diagnostic procedures upon plaintiff, James Maillaro, under the circumstances;

t.     Failing to conduct proper and/or adequate diagnostic imaging procedures for the plaintiff, James Maillaro, under the circumstances;

u.     Failing to prescribe proper and/or adequate medications for plaintiff, James Maillaro, under the circumstances;

v.     Improperly performing a procedure upon the plaintiff, James Maillaro;

w.     Improperly selecting the course of treatment to be performed upon the plaintiff, James Maillaro;

x.     Failing to accurately report the results of any and all medical treatment rendered to

the plaintiff, James Maillaro;

y.    Failing to obtain full, adequate and/or proper informed consent from the plaintiff, James Maillaro;

z.    Failing to promptly, properly and/or adequately treat the plaintiff, James Maillaro;

    aa.    Failing to perform appropriate tests upon the plaintiff, James Maillaro, under the circumstances;

    bb.    Failing to appropriately and/or properly follow-up on the plaintiff, James Maillaro's test results;

    cc.    Failing to appropriately and/or properly follow-up on the plaintiff, James Maillaro's condition;

    dd.    Failing to perform proper follow-up studies and/or procedures upon the plaintiff, James Maillaro;

    ee.    Failing to perform a complete physical examination upon the plaintiff, James Maillaro, under the circumstances;

    ff.    Failing to properly prescribe, order, administer and/or cause to be administered medicine and/or medication to the plaintiff, James Maillaro;

    gg.    Being otherwise negligent, careless and/or reckless under the circumstances as may be found through the course of discovery or at the time of trial; and/or;

    hh.    Doing any and/or all of the above acts and/or omissions thereby subjecting the plaintiff, James Maillaro.

12. As a result of the defendants' negligence, recklessness and/or carelessness, plaintiff, James Maillaro, were required to expend hospital and medical expenses.

13. As a proximate result of defendants' negligence, recklessness and/or carlessness, plaintiff, James Maillaro, has suffered damages.

**WHEREFORE** plaintiff, James Maillaro, individually, demands judgment against the defendants New York Presbyterian Hospital, Michael Kaiser, M.D., John Doe Doctors 1-15, John Doe Nurses 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe, Incorporated 1-15, John Doe Professional Associations 1-15; fictitious and unidentified medical personnel (including doctors, nurses and therapists), corporations, professional associations, partnerships and institutions individually, jointly, severally and/or in the alternative, for compensatory damages, cost of suit, interest and attorneys fees, and other further relief as the Court may deem just and proper.

**COUNT TWO**

1. Plaintiffs repeat and reallege each and every allegation contained in Count One as if fully set forth at length herein.

2. On or about July 9, 2010, plaintiff, James Maillaro, sought care and treatment from defendant Michael Kaiser, M.D.

3. Notwithstanding the duties imposed upon the defendant, Michael Kaiser, M.D., acting as aforesaid and knowing full and well their respective duties to plaintiff, James Maillaro, the defendant did act individually, jointly, severally and/or in the alternative, in a negligent, reckless and/or careless manner, in *inter alia*:

    a.    Failing to properly, carefully, and/or adequately treat the plaintiff, James Maillaro, for the conditions for which treatment was sought and failing to prevent and treat an

infection which developed while under defendants; care;

b.     Failing to properly, carefully and/or adequately use and perform on the person James Maillaro, tests, medications, medicines, medical and/or surgical equipment, examinations, medical procedures, surgical procedures, monitoring and/or medical treatment;

c.     Failing to use the required amount of care and/or skill in the performance and administration of tests, medications, medicines, examinations, medical procedures, surgical procedures, monitoring and/or medical treatment;

d.     Failing to timely, properly, continually and/or adequately diagnose the condition and/or distress of plaintiff, James Maillaro;

e.     Improperly diagnosing the condition of plaintiff, James Maillaro;

f.     Performing incorrect, unnecessary and/or improper treatment, care and/or procedures upon the person of plaintiff James Maillaro;

g.     Improperly reviewing the results of diagnostic testing of the plaintiff, James Maillaro;

h.     Improperly and/or inadequately reporting and/or discussing the results of diagnostic testing of the plaintiff, James Maillaro;

i.     Failing to promulgate, abide by and/or enforce applicable rules, guidelines and/or regulations under the circumstances;

j.     Failing to exercise proper skill, diligence and/or due care and caution under all of the circumstances and/or in light of the respective defendants' specialties and/or areas of expertise;

k.   Acting without proper and due regard for the rights and safety of plaintiff, James Maillaro;

l.   Failing to properly and/or continuously review and/or monitor the condition of the plaintiff, James Maillaro;

m.   Improperly permitting unskilled, incapable and/or untrained doctors, nurses, residents, interns and/or other agents, workers, servants and/or employees to treat and/or provide medical care to the plaintiff James Maillaro;

n.   Failing to and/or improperly monitoring the qualifications of all doctors, nurses, residents, interns and/or other agents, workers, servants and/or employees responsible for treating and/or providing medical care to the plaintiff, James Maillaro;

o.   Failing to timely properly and/or adequately communicate the condition and progress of the plaintiff, James Maillaro to appropriate parties under the circumstances;

p.   Failing to properly, adequately and/or timely monitor the condition and progress of the plaintiff, James Maillaro;

q.   Failing to timely, properly and/or adequately direct, request and/or require the attention, advice, consultation and/or installation of qualified and competent specialists to administer medical care, examination and/or treatment of plaintiff, James Maillaro;

r.   Failing to take, develop and/or obtain a full, complete and/or proper medical history of plaintiff, James Maillaro, under the circumstances;

s.   Failing to conduct proper and/or adequate tests and diagnostic procedures upon

plaintiff, James Maillaro, under the circumstances;

t.    Failing to conduct proper and/or adequate diagnostic imaging procedures for the plaintiff, James Maillaro, under the circumstances;

u.    Failing to prescribe proper and/or adequate medications for plaintiff, James Maillaro, under the circumstances;

v.    Improperly performing a procedure upon the plaintiff, James Maillaro;

w.    Improperly selecting the course of treatment to be performed upon the plaintiff, James Maillaro;

x.    Failing to accurately report the results of any and all medical treatment rendered to the plaintiff, James Maillaro;

y.    Failing to obtain full, adequate and/or proper informed consent from the plaintiff, James Maillaro;

z.    Failing to promptly, properly and/or adequately treat the plaintiff, James Maillaro;

aa.    Failing to perform appropriate tests upon the plaintiff, James Maillaro, under the circumstances;

bb.    Failing to appropriately and/or properly follow-up on the plaintiff, James Maillaro's test results;

cc.    Failing to appropriately and/or properly follow-up on the plaintiff, James Maillaro's condition;

dd.    Failing to perform proper follow-up studies and/or procedures upon the plaintiff, James Maillaro;

ee.    Failing to perform a complete physical examination upon the plaintiff, James Maillaro, under the circumstances;

ff.    Failing to properly prescribe, order, administer and/or cause to be administered medicine and/or medication to the plaintiff, James Maillaro;

gg.    Being otherwise negligent, careless and/or reckless under the circumstances as may be found through the course of discovery or at the time of trial; and/or;

hh.    Doing any and/or all of the above acts and/or omissions thereby subjecting the plaintiff, James Maillaro.

4.  As a result of the negligence, recklessness and/or carelessness of defendant, Michael Kaiser, M.D., plaintiff, James Maillaro, was required to expend hospital and medical expenses.

5.  As a proximate result of negligence, recklessness and/or carelessness of defendant Michael Kaiser, M.D., plaintiff, James Maillaro, has suffered damages.

**WHEREFORE** plaintiff, James Maillaro, individually, demands judgment against Michael Kaiser, M.D. individually, jointly, severally and/or in the alternative, for compensatory damages, cost of suit, interest and attorneys fees, and other further relief as the Court may deem just and proper.

## COUNT THREE

1. Plaintiffs repeat and reallege each and every allegation contained in Counts One and Two as if fully set forth at length herein.

2. At all times hereto, defendants, John Doe Doctors 1-15 were and/or are fictitiously named physicians, surgeons, residents and/or interns, duly licensed to practice medicine under the laws of

the State of New York, the identity, addresses and culpable conduct of said physicians being presently unknown, who provided care and/or treatment to the plaintiff, James Maillaro. The plaintiff reserves the right to amend this complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the physicians represented herein as John Doe Doctors 1-15.

3. At all times material hereto, defendants, John Doe Nurses 1-15, were and/or are fictitiously named physicians, surgeons, residents and/or interns, duly licensed to practice medicine under the laws of the State of New York, the identity, addresses and culpable conduct of said physicians being presently unknown, who provided care and/or treatment to the plaintiff, James Maillaro. The plaintiff reserves the right to amend this complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the physicians represented herein as John Doe Doctors 1-15.

Notwithstanding the duties imposed upon the defendants named herein, acting as aforesaid and knowing full and well their respective duties to plaintiff, James Maillaro, the defendants did act individually, jointly, severally and/or in the alternative, in a negligent, reckless and/or careless manner, in *inter alia*:

a. Failing to properly, carefully, and/or adequately treat the plaintiff, James Maillaro, for the conditions for which treatment was sought and failing to prevent and treat an infection which developed while under defendants' care;

b. Failing to properly, carefully and/or adequately use and perform on the person James Maillaro, tests, medications, medicines, medical and/or surgical equipment, examinations, medical procedures, surgical procedures, monitoring and/or medical treatment;

c.    Failing to use the required amount of care and/or skill in the performance and administration of tests, medications, medicines, examinations, medical procedures, surgical procedures, monitoring and/or medical treatment;

d.    Failing to timely, properly, continually and/or adequately diagnose the condition and/or distress of plaintiff, James Maillaro;

e.    Improperly diagnosing the condition of plaintiff, James Maillaro;

f.    Performing incorrect, unnecessary and/or improper treatment, care and/or procedures upon the person of plaintiff James Maillaro;

g.    Improperly reviewing the results of diagnostic testing of the plaintiff, James Maillaro;

h.    Improperly and/or inadequately reporting and/or discussing the results of diagnostic testing of the plaintiff, James Maillaro;

i.    Failing to promulgate, abide by and/or enforce applicable rules, guidelines and/or regulations under the circumstances;

j.    Failing to exercise proper skill, diligence and/or due care and caution under all of the circumstances and/or in light of the respective defendants' specialties and/or areas of expertise;

k.    Acting without proper and due regard for the rights and safety of plaintiff, James Maillaro;

l.    Failing to properly and/or continuously review and/or monitor the condition of the plaintiff, James Maillaro;

m.    Improperly permitting unskilled, incapable and/or untrained doctors, nurses,

residents, interns and/or other agents, workers, servants and/or employees to treat and/or provide medical care to the plaintiff James Maillaro;

n.     Failing to and/or improperly monitoring the qualifications of all doctors, nurses, residents, interns and/or other agents, workers, servants and/or employees responsible for treating and/or providing medical care to the plaintiff, James Maillaro;

o.     Failing to timely properly and/or adequately communicate the condition and progress of the plaintiff, James Maillaro to appropriate parties under the circumstances;

p.     Failing to properly, adequately and/or timely monitor the condition and progress of the plaintiff, James Maillaro;

q.     Failing to timely, properly and/or adequately direct, request and/or require the attention, advice, consultation and/or installation of qualified and competent specialists to administer medical care, examination and/or treatment of plaintiff, James Maillaro;

r.     Failing to take, develop and/or obtain a full, complete and/or proper medical history of plaintiff, James Maillaro, under the circumstances;

s.     Failing to conduct proper and/or adequate tests and diagnostic procedures upon plaintiff, James Maillaro, under the circumstances;

t.     Failing to conduct proper and/or adequate diagnostic imaging procedures for the plaintiff, James Maillaro, under the circumstances;

u.     Failing to prescribe proper and/or adequate medications for plaintiff, James Maillaro, under the circumstances;

v.      Improperly performing a procedure upon the plaintiff, James Maillaro;

w.      Improperly selecting the course of treatment to be performed upon the plaintiff, James Maillaro;

x.      Failing to accurately report the results of any and all medical treatment rendered to the plaintiff, James Maillaro;

y.      Failing to obtain full, adequate and/or proper informed consent from the plaintiff, James Maillaro;

z.      Failing to promptly, properly and/or adequately treat the plaintiff, James Maillaro;

aa.     Failing to perform appropriate tests upon the plaintiff, James Maillaro, under the circumstances;

bb.     Failing to appropriately and/or properly follow-up on the plaintiff, James Maillaro's test results;

cc.     Failing to appropriately and/or properly follow-up on the plaintiff, James Maillaro's condition;

dd.     Failing to perform proper follow-up studies and/or procedures upon the plaintiff, James Maillaro;

ee.     Failing to perform a complete physical examination upon the plaintiff, James Maillaro, under the circumstances;

ff.     Failing to properly prescribe, order, administer and/or cause to be administered medicine and/or medication to the plaintiff, James Maillaro;

gg.     Being otherwise negligent, careless and/or reckless under the circumstances

as may be found through the course of discovery or at the time of trial; and/or;

hh.   Doing any and/or all of the above acts and/or omissions thereby subjecting the plaintiff, James Maillaro.

12.  As a result of the defendants' negligence, recklessness and/or carelessness, plaintiff, James Maillaro, was required to expend hospital and medical expenses.

13.  As a proximate result of defendants' negligence, recklessness and/or carlessness, plaintiff, James Maillaro, has suffered damages.

**WHEREFORE** plaintiff, James Maillaro, individually, demands judgment against defendants New York Presbyterian Hospital, Michael Kaiser, M.D., John Doe Doctors 1-15, John Doe Nurses 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe, Incorporated 1-15, John Doe Professional Associations 1-15; fictitious and unidentified medical personnel (including doctors, nurses and therapists), corporations, professional associations, partnerships and institutions, individually, jointly, severally and in the alternative, individually, jointly, severally and/or in the alternative, for compensatory damages, cost of suit, interest and attorneys fees, and other further relief as the Court may deem just and proper.

## COUNT FOUR

1.  Plaintiffs repeat and reallege each and every allegation contained in Counts One, Two and Three as if fully set forth at length herein.

2.  At all times material hereto, defendants, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe Incorporated 1-15, John Doe Professional Associations 1-15, were and/or are fictitiously named partnerships, medical care institutions, professional associations and/or

professional corporations (hereinafter "partnerships") providing medical and healthcare services and existing under the laws of the State of New York and who were and/or are affiliated with, employed by and/or contractually obligated to defendants, New York Presbyterian Hospital , John Doe Doctors 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe Incorporated 1-15, John Doe Professional Associations 1-15.

    3. Notwithstanding the duties imposed upon the defendants named herein, acting as aforesaid and knowing full and well their respective duties to plaintiff, James Maillaro, the defendants did act individually, jointly, severally and/or in the alternative, in a negligent, reckless and/or careless manner, in *inter alia*:

    a.    Failing to properly, carefully, and/or adequately treat the plaintiff, James Maillaro, for the conditions for which treatment was sought and failing to prevent and treat an infection which developed while under defendants' care;

    b.    Failing to properly, carefully and/or adequately use and perform on the person James Maillaro, tests, medications, medicines, medical and/or surgical equipment, examinations, medical procedures, surgical procedures, monitoring and/or medical treatment;

    c.    Failing to use the required amount of care and/or skill in the performance and administration of tests, medications, medicines, examinations, medical procedures, surgical procedures, monitoring and/or medical treatment;

    d.    Failing to timely, properly, continually and/or adequately diagnose the condition and/or distress of plaintiff, James Maillaro;

    e.    Improperly diagnosing the condition of plaintiff, James Maillaro;

f.  Performing incorrect, unnecessary and/or improper treatment, care and/or procedures upon the person of plaintiff James Maillaro;

g.  Improperly reviewing the results of diagnostic testing of the plaintiff, James Maillaro;

h.  Improperly and/or inadequately reporting and/or discussing the results of diagnostic testing of the plaintiff, James Maillaro;

i.  Failing to promulgate, abide by and/or enforce applicable rules, guidelines and/or regulations under the circumstances;

j.  Failing to exercise proper skill, diligence and/or due care and caution under all of the circumstances and/or in light of the respective defendants' specialties and/or areas of expertise;

k.  Acting without proper and due regard for the rights and safety of plaintiff, James Maillaro;

l.  Failing to properly and/or continuously review and/or monitor the condition of the plaintiff, James Maillaro;

m.  Improperly permitting unskilled, incapable and/or untrained doctors, nurses, residents, interns and/or other agents, workers, servants and/or employees to treat and/or provide medical care to the plaintiff James Maillaro;

n.  Failing to and/or improperly monitoring the qualifications of all doctors, nurses, residents, interns and/or other agents, workers, servants and/or employees responsible for treating and/or providing medical care to the plaintiff, James Maillaro;

o.  Failing to timely properly and/or adequately communicate the condition and progress

of the plaintiff, James Maillaro to appropriate parties under the circumstances;

p.     Failing to properly, adequately and/or timely monitor the condition and progress of the plaintiff, James Maillaro;

q.     Failing to timely, properly and/or adequately direct, request and/or require the attention, advice, consultation and/or installation of qualified and competent specialists to administer medical care, examination and/or treatment of plaintiff, James Maillaro;

r.     Failing to take, develop and/or obtain a full, complete and/or proper medical history of plaintiff, James Maillaro, under the circumstances;

s.     Failing to conduct proper and/or adequate tests and diagnostic procedures upon plaintiff, James Maillaro, under the circumstances;

t.     Failing to conduct proper and/or adequate diagnostic imaging procedures for the plaintiff, James Maillaro, under the circumstances;

u.     Failing to prescribe proper and/or adequate medications for plaintiff, James Maillaro, under the circumstances;

v.     Improperly performing a procedure upon the plaintiff, James Maillaro;

w.     Improperly selecting the course of treatment to be performed upon the plaintiff, James Maillaro;

x.     Failing to accurately report the results of any and all medical treatment rendered to the plaintiff, James Maillaro;

y.     Failing to obtain full, adequate and/or proper informed consent from the plaintiff,

James Maillaro;

z.   Failing to promptly, properly and/or adequately treat the plaintiff, James Maillaro;

aa.   Failing to perform appropriate tests upon the plaintiff, James Maillaro, under the circumstances;

bb.   Failing to appropriately and/or properly follow-up on the plaintiff, James Maillaro's test results;

cc.   Failing to appropriately and/or properly follow-up on the plaintiff, James Maillaro's condition;

dd.   Failing to perform proper follow-up studies and/or procedures upon the plaintiff, James Maillaro;

ee.   Failing to perform a complete physical examination upon the plaintiff, James Maillaro, under the circumstances;

ff.   Failing to properly prescribe, order, administer and/or cause to be administered medicine and/or medication to the plaintiff, James Maillaro;

gg.   Being otherwise negligent, careless and/or reckless under the circumstances as may be found through the course of discovery or at the time of trial; and/or;

hh.   Doing any and/or all of the above acts and/or omissions thereby subjecting the plaintiff, James Maillaro.

4. As a result of the defendants' negligence, recklessness and/or carelessness, plaintiff, James Maillaro, was required to expend hospital and medical expenses.

5. As a proximate result of defendants' negligence, recklessness and/or carlessness, plaintiff, James Maillaro, has suffered damages.

**WHEREFORE** plaintiff, James Maillaro, individually, demands judgment against defendants New York Presbyterian Hospital, Michael Kaiser, M.D., John Doe Doctors 1-15, John Doe Nurses 1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe, Incorporated 1-15, John Doe Professional Associations 1-15; fictitious and unidentified medical personnel (including doctors, nurses and therapists), corporations, professional associations, partnerships and institutions, individually, jointly, severally and in the alternative, individually, jointly, severally and/or in the alternative, for compensatory damages, cost of suit, interest and attorneys fees, and other further relief as the Court may deem just and proper.

**COUNT FIVE**

1. Plaintiffs repeat and reallege each and every allegation contained in Counts One, Two, Three and Four as if fully set forth at length herein.

2. The plaintiff, Joanne Maillaro, repeats all of the allegations of the First, Second, Third, and Fourth Counts of the Complaint and makes the same a part hereof as though set forth at length herein and further alleges that she was at all times herein mentioned and still is the wife of the plaintiff, James Maillaro, residing with at the same address.

3. By reason of the aforesaid, the plaintiff, Joanne Maillaro, was and will in the future be deprived of the usual services, society, companionship and consortium of her husband, the plaintiff James Maillaro.

WHEREFORE, the plaintiff, Joanne Maillaro, demands judgment against the defendants, New York Presbyterian Hospital, Michael Kaiser, M.D., John Doe Doctors 1-15, John Doe Nurses

## RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

JOSEPH A. DiCROCE

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

**LAW OFFICES OF JOSEPH A. DiCROCE**

Attorneys for Plaintiffs, James Maillaro and Joanne Maillaro

BY:_____

JOSEPH A. DiCROCE

DATED: July 9, 2010

1-15, John Doe Partnerships 1-15, John Doe Institutions 1-15, John Doe, Incorporated 1-15, John Doe Professional Associations 1-15; fictitious and unidentified medical personnel (including doctors, nurses and therapists), corporations, professional associations, partnerships and institutions, individually, jointly, severally and in the alternative, individually, jointly, severally and/or in the alternative, for compensatory damages, cost of suit, interest and attorneys fees, and other further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Please take notice that plaintiffs, James Maillaro and Joanne Maillaro, hereby demand a trial by jury as to all issues so triable.

## TRIAL COUNSEL DESIGNATION

Joseph A. DiCroce, Esq., is hereby designated as trial counsel in the above-captioned matter.

## LOCAL RULE 201.1 CERTIFICATION

I hereby certify, based upon present facts and circumstances known, that the damages recoverable, compensatory and special, exceed the sum of $150,000.00.

JOSEPH A. DiCROCE